**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.  EDCV 10-01140 VAP (OPx)                    Date:  August 10, 2010

Title:     WILCOX v. TARGET CORPORATION
===============================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

PROCEEDINGS:    ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION (IN CHAMBERS)

On June 10, 2010, Chris Wilcox ("Plaintiff") filed a complaint against Target Corporation ("Defendant") in California Superior Court for the County of San Bernardino.  Defendant removed the case on August 2, 2010, on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff was employed by Target Corporation from "sometime in 2005 to June 11, 2009," first as an "Assets Protection Specialist," then as an "Investigation Specialist."  (Compl. ¶ 1.)  On January 15, 2007, Plaintiff was injured while at work resulting in both temporary and permanent disability.  (<u>Id.</u> ¶ 8.)  On June 11, 2009, Defendant fired Plaintiff.  (<u>Id.</u> ¶ 11.)  According to Plaintiff, Defendant stated the reason for Plaintiff's termination was that he violated the directives for Assets Protection Specialists by following a suspected shoplifter outside of the store.  (<u>Id.</u>)  Plaintiff, however, alleges the grounds for termination were pretextual, and that

EDCV 10-01140 VAP (OPx)
CHRIS WILCOX V. TARGET CORP.
ORDER TO SHOW CAUSE of August 10, 2010

Defendant actually fired Plaintiff because of Plaintiff's physical disability.  (Id.)  On June 6, 2010, Plaintiff received a "right-to-sue" notice from the California Department of Fair Employment and Housing.  Plaintiff filed the instant action in the California Superior Court for the County of San Bernardino on June 10, 2010, stating two claims for relief: (1) violation of the California Fair Employment and Housing Act, and (2) termination of employment in violation of public policy.

     Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441, et seq. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-- Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank (S.D.), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

     "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c)). Even if a party does not question the court's subject matter jurisdiction, the court is required to raise and address the issue sua sponte. See FW/PBS, Inc. v. Dallas, 493 U.S. 215, 230-31 (1990).

     Under 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  "The statute reflects a congressional concern for the states' interest in administering their own workers' compensation schemes, the burdens on injured claimants of maintaining a federal court suit, and the incidence of federal court congestion." Names v. Lee Publ'ns, Inc., No. 09CV0132 BEN (CAB), 2009 WL 3008296, at *1 (S.D. Cal. Sept. 21, 2009) citing (Vasquez v. N. County Transit Dist., 292 F.3d 1049, 1061 n. 6 (9th Cir. 2002); see also Armistead v. C & M Transp., Inc., 49 F.3d 43, 46 (1st Cir. 1995); Kay v. Home Indem. Co., 337 F.2d 898, 902 (5th Cir. 1964).

     Here, it appears that removal was improper under § 1445(c) because Plaintiff's first claim for relief arises under the California workmen's compensation laws.

**EDCV 10-01140 VAP (OPx)**
**CHRIS WILCOX V. TARGET CORP.**
**ORDER TO SHOW CAUSE of August 10, 2010**

Plaintiff alleges that he "suffered an industrial injury that resulted in [him] becoming physically disabled," and that he "sought workers' compensation benefits." (Compl. ¶ 8.) Plaintiff further alleges that Defendant "wrongfully terminated [Plaintiff's] employment with [Defendant] . . . because of [Plaintiff's] industrially incurred physical disability." (Id. ¶ 11.)

Accordingly, because it appears that Plaintiff's first claim for relief arises under the California workmen's compensation laws, the Court ORDERS Defendant to show cause why this action should not be remanded to California Superior Court for the County of San Bernardino for lack of jurisdiction under 28 U.S.C. § 1445(c).

Defendant shall file a response in writing no later than August 27, 2010. Failure to respond will result in a remand of the action to the California Superior Court. Plaintiff may file a response by September 3, 2010.[1]

**IT IS SO ORDERED.**

---

[1] This order does not preclude or limit Plaintiff's ability to file a regularly-noticed motion for remand.